Thank you, Your Honor. May it please the Court, James Stiglitz, District Attorney, Premier Nutrition Corporation. I'd like to reserve three minutes of my time for rebuttal. Okay. Sonner already had the full opportunity to press her claims against Premier. After years of litigation, the District Court dismissed Sonner's claims. Sonner's claim for restitution... One second. I've got all kinds of audio problems. Yeah, hold it. Yeah, I think we're all having a little bit... We want to start over. Judge Beatty, I'm sorry to interrupt Judge Calhoun. Judge Beatty, is it possible for you to turn the volume down on your end? Yes. Yes. Hold on, I'm going to try that. Is that causing the feedback? Okay, hold on. All right, let me get to the volume. Hold on. So, Kelly, is it the volume on my laptop or on my computer screen? Wherever you're connected to the Zoom meeting, Judge. Okay, so let me... I just put it way down. How is that? Is that better? Yeah. Is it Mr... Do you say it's Siegel? It's Siegel, yes, Your Honor. Siegel? Okay. That's where... Can you just say a couple of things? Good morning. How's the weather? The weather's lovely. Thank you. I hope you're all enjoying the day. It seems okay now. It seems better. Yeah, I have my volume down. I can also mute while I'm not speaking, so I'll try that too, see if that helps. Why don't I try it the same? Should I do that too, or am I... Kelly, am I causing part of the problem? I don't believe so, Judge. I think the issue was mainly from Judge Beatty's speakers. Okay. Everything seems good at this time. Okay, can we put the clock back to 15 minutes since we think... Uh-oh. Whoops. Error. Okay. What's that? Okay. All right. Let's try it again. We know that you're Mr. Siegel, and you are representing the appellant in this matter. Thank you, Your Honor. I'd also like to reserve three minutes of my time for rebuttal, if possible. Okay, thank you. Ms. Soner already had a full opportunity to press her claims against Premier. So after years of litigation, as many as four years in the trial court, now seven years total, this court dismissed Soner's claims with prejudice. Soner's claim for restitution failed because having given up her damages claim in an attempt to avoid a jury trial, Soner could not show she lacked an adequate remedy of law. This court affirmed that dismissal, holding that federal common law required Soner to make that showing. That affirmance was not, as Soner contends, simply a license for her to bring the exact same equitable claims in state court that she'd already litigated to final judgment in this court. Well, let me ask you this. Our opinion in Soner 1 does not purport to address the merits of Soner's equitable complaint. Why must it nonetheless be construed as a final judgment on the merits? Well, for purposes of res judicata, Your Honor, the requirement that a plaintiff plead the inadequacy of legal remedies is a merits requirement. And so the Supreme Court made that clear in a number of authorities we cited back in the 1930s when this issue came up more regularly. And this court affirmed that again in the Agua Caliente case, which we've cited. So it's an issue that goes to the merits of the claim, even if it isn't necessarily one of the elements of the false advertising. If a plaintiff can't show that she has an inadequate remedy of law, her claim fails. Well, let me ask you this. If in a similar situation, a plaintiff's initial complaint in federal district court alleged that it only sought equitable brutality under state law, even though it had an adequate remedy at law, would the district court's dismissal of the complaint pursuant to Soner I constitute a final judgment of the merits precluding the plaintiff from refiling the claim for equitable relief in state court? Yes, Your Honor. If the plaintiff failed to allege that she had an inadequate remedy of law, and that was the basis for the court's dismissal, it would be a 12B6 dismissal. It would be a dismissal on the merits. Most likely, the district court would grant leave to amend in that circumstance. If the plaintiff had an adequate remedy of law, she'd have the opportunity to allege that legal claim. Here, for example, the adequate remedy of law was essentially the exact same claim, but for damages instead of restitution. The plaintiff gave up on that damages claim, voluntarily dismissed it, simply in order to avoid having a jury trial. The plaintiff, in your hypothetical, could allege a damages claim, assuming it's essentially the same situation as here, could allege that legal claim. The only difference would be that the defendant would be entitled to a jury trial. Well, the Supreme Court in Smith v. Bayer wrote, after all, a court does not usually get to dictate to other courts the preclusion consequences of its own judgment. So, what is the harm to Premier of having to assert the preclusive effect of Sonner 1 in state court? Well, so the Anti-Injunction Act, which Smith v. Bayer was interpreting, it's designed to allow for federal courts to control the effect of their judgments. So when, and admittedly, Smith v. Bayer says that if it's unclear whether race judicata applies, then the exception to the Anti-Injunction Act that we're invoking here isn't available. But here, whereas here, the race judicata effect is clear, then it's up to the federal courts. The federal courts can and do enjoin the state court because a litigant like Premier shouldn't have to go back into state court, relitigate something that's already litigated, or even to convince a state court of the race judicata effect of the federal government, or excuse me, of the federal court. Where the federal court is the one who entered the judgment, it turns on questions of federal law. The federal court is in the best position to determine what is the race judicata effect of a dismissal in federal court for failure to plead the federal common law requirement of showing an adequate remedy in order to achieve equitable relief. What if the federal court just decided to defer to the state court and allow the issue of race judicata to be litigated in the state court, the second court? Would that be an abuse of discretion? Well, that's, if you're asking hypothetically... So here, this is what happened. I mean, the district court denied the motion for the injunction, and cited authority about deferring to the second court to address the issue and deciding to the state court. So... And you're suggesting that we have to reverse and remand, and to do so, I think we'd have to find that the district court abused its discretion. Well, Your Honor, as we read the district court's opinion, what it said was it applied the Smith v. Bayer, and it said that because it was unclear what the race judicata effect of the prior judgment was, given this court's supposed change in the effect of the judgment, that it was, therefore, that any injunction act precluded the district court from issuing an injunction. And so under this court's decision in telegender, that's a question of law review de novo. But ultimately, it would boil down to the same thing, because a court necessarily abuses its discretion when it's an issue of law wrong. And here, the only real issue that the court resolved was the question of the race judicata effect of the prior judgment. And it resolved that legal question erroneously. Basically, it said that it was unclear whether this court dismissed Ms. Stoner's claims for lack of jurisdiction, which is simply not what this court did. This court affirmed the dismissal with prejudice for failure to plead adequately. It did so on the basis of federal common law rather than state law, which is what the district court had applied originally. So under your theory, if the district court had said, the district judge had said, I have the discretion to grant or deny this motion, but I'm going to deny it, but didn't make what you view as erroneous statements of law, would that have been an abuse of discretion? Yes, Your Honor. In our view, there's no possible basis on which to deny an injunction here, that it would necessarily be an abuse of discretion to deny an injunction. And again, I would cite the telegender case, where it's essentially the same circumstances. So if race judicata applies, and we submit it does, we submit it's clear, there's really no reason for the federal court to stay its hand and refrain from enjoining the state court action. All the... What would happen if we agreed with your reading of Selma 1 and said this was a judgment, this was a dismissal on the merits, but we're not going to reverse the district court on denying the motion for injunction. Then what happens? And this court remanded, we could go back to the... I believe that would be the reason enough for reversal because the court got an error of law wrong and it's possible that... I know, but assuming we don't decide to do that and instead we affirm the district court's denial of the motion for the injunction, can you then still pursue that in state court? Yes, Your Honor, but there's no reason to allow that sort of spinning of wheels to happen. This court is, again, in the best position to determine the race judicata effect of a federal judgment. Well, what if we wanted to avoid a third appeal? I mean, if we were to reverse the district court, it seems Stoner shunned a track record. They'll be back. They'll appeal that and we'll have this case for a third time. Well, Your Honor, that's why we'd ask this court to direct that the injunction be entered, which, again, is exactly what this court did in the Intelligender case. So as long as the race judicata effect of the federal court judgment is clear, there's no reason for any further spinning of the wheels here. The state court actions should be precluded and we've demonstrated all the necessary requirements for getting that sort of injunction relief. So long as race judicata, the race judicata effect of the judgment is clear. Can you tell me, what's the status of the matter in state court? What's happening right now? It's been stayed pending this appeal. Have principles of judicial economy ever been discussed in the jurisprudence of this case? Not of this case, but of this issue generally? Your Honor, I think that's sort of, that's one of the reasons that federal courts do enjoin state court actions in circumstances like this, that it's just generally viewed, and I think we cited the Western Systems v. UOA case, sort of set up those general principles, that it's just much more efficient. The federal court, again, it's a question of federal law. The federal court knows what it intended by its judgment. The federal court is in the best position to determine the race judicata effect. And when that's the case, it's just a matter of what the federal court decides. Mr. Siegel, my understanding, and correct me if I'm wrong, but they, you didn't, you filed a summary judgment and you didn't prevail on that. So the court said that there were triable issues, correct? That's right, Your Honor, yes. So the only way that you can prevail outright here is we have to, by affirming the district court's 12b-6, is that your strongest argument? That is, yes, I think that is our strongest argument. I think, well, so I mean, just taking a step back, there's no dispute that the district court's dismissal was on the merits. There was a 12b-6 dismissal, and the district court applied to state law and said that the plaintiff had failed to show an adequate remedy at law. That was on the merits. There's no dispute with that. The only question is whether by affirming based on federal law rather than state law, this court somehow changed the res judicata effect of that judgment. And there's just no basis for holding that there is. Again, the Supreme Court, this court, have made clear. But I guess, admittedly, everyone sort of says there isn't a specific case that anyone can hang their hat on and make it easy for us, right? I can't point to a specific case where that's correct, but I can point to, so, for example, the Wright & Miller, section 44, excuse me, 4410, cites parallel circumstances where essentially saying that before the law and equity were merged, the dismissal on these grounds wouldn't have been claim-perclusive. The whole point of this dismissal was to allow the claim to be brought in a court of law. But once law and equity were merged, and once both the legal claims and the equity claims can be brought in the same court as they were, in fact, here, then the dismissal of the equitable claim on sort of the traditional equitable-type grounds like the failure to show inadequate legal remedies is preclusive. I think Wright & Miller said something effective. You know, what merger allows, res judicata requires. And so their authority set it there for the proposition that the dismissal of a claim for injunction is claim-perclusive. So I'll give you your three minutes, but just remind me quickly, did Sonner initially file in federal court, or did you remove it initially to federal court? She initially filed in federal court. Okay. All right. Do you want to save the balance of your time? I would. Thank you, Your Honor. Do either of my colleagues want to ask any questions right now of Mr. Siegel? The only question I would have is, is the case you referred me to in your brief? The section of Wright & Miller's, yes, Your Honor. Western, I think you said? Oh, Western System Bureau, yes, it is, Your Honor. Thank you. Okay. All right. We'll go over to counsel for Sonner. Good morning. Good morning. Leslie Hurst, counsel for Kathleen Sonner. The issue on appeal is a relitigation exception to the Anti-Injunction Act. Under the relitigation exception, a federal court cannot enjoin a stakeholder if there's any doubt an injunction is proper. Unless it is absolutely clear to the district court beyond per adventure, an injunction cannot issue. Whatever per adventure is. Yes, I really do like that term. It is archaic, and yet it's really perfectly suited unless it is clear beyond all uncertainty, all doubt, a federal court... There's a couple of things that concern me, and I'm, you know, in terms of... So, as long ago as DiGiovanni v. Camden, the Supreme Court indicated that entitlement to equitable relief in a federal court is not a question of jurisdiction, but one of the merits. Why doesn't this holding apply to SONER 1 regarding the final judgment on the merits? Because we have cited reams of cases, pre-merger of equity and law, and post-merger. And this court in SONER also said  to award restitution, injunctive relief, its power, its authority, is set by the Court of Chancery long ago, and that has not changed. Defendants may... Wait a minute. I mean, you know you're talking to the same panel, and you know that I wrote SONER 1, so you're going to have to tell me where exactly it says what you just said. Talk about choice of law, and whether it's going to be federal common law, or whether it would be something in diversity, and whether the inadequate remedy at law rule applies. But I went back and re-read it. I did word searches. I did not find anywhere in that opinion where we said anything about a lack of power or subject matter jurisdiction in that opinion. Well, the court, I believe, does many times talk about your equitable power and equitable authority, and then you cite cases where equitable power... Okay, but don't you agree? I thought I saw in your brief that you agreed that equitable jurisdiction, and as we know, the Supreme Court has said the term jurisdiction has many, many meanings. It doesn't always mean personal jurisdiction or subject matter jurisdiction. Equitable power or equitable jurisdiction is different from subject matter jurisdiction. Didn't you agree with that in your brief? Well, absolutely. I mean, this court certainly has subject matter jurisdiction, but in addition to subject matter jurisdiction, a federal court must have the equitable jurisdiction, the equitable authority to award restitution, and the Sonar case, what this panel in the Sonar case said, is that that power and authority has not changed since it was created in the 1700s. Is equitable jurisdiction more akin to a determination on the merits? No, I don't think it is. Why not? Because it is more of a prerequisite for when this court has the power or authority to act. And unless that prerequisite is met, you don't get to consider the merits of an injunction, the merits of restitution. You have to dismiss for lack of jurisdiction. And I'd like to... Wait a minute. So turning to the... It seems to me that your argument rests almost primarily or almost entirely on one phrase in the Sonar 1 opinion, which is at page 839 where we say we must first resolve a threshold jurisdictional question, colon. So then we tell you what the question is. The question is, do federal equitable principles independently apply to Sonar's equitable claims for restitution, or must we as a federal court follow only the state law authorizing the equitable remedy? So we clearly phrase the issue as a choice of law issue. So just assume that sentence said we must resolve a threshold question. And the word jurisdiction wasn't in that phrase. Then what happens? Would you still be arguing that this was not a decision on the merits? Absolutely. Because the court doesn't... It's not just that one phrase. The court goes beyond and discusses, for instance, Payne v. Hooke. When you're talking about what can a court do in equity, what is its power in equity, and you quote Payne v. Hooke, the equity jurisdiction conferred on federal courts is the same that the High Court of Chancery in England possesses. That's on page 841. So then what we should have... So what you're saying is that what we should have done, that we made a grave mistake in Sonar 1, because we affirmed the dismissal under Rule 12b-6 which is on the merits. Cooke v. Peter Kiewit, that's a Ninth Circuit case that directly says that, that if we didn't have authority or power, we didn't have the authority and the district court did not either, to dismiss under Rule 12b-6. We should have dismissed under 12b-1 or we should have remanded for dismissal. So how do you reconcile that? Well... No, because in this case, in this particular case, I believe it was still inequitable. It was a dismissal for lack of jurisdiction. But there was a second consideration, a second decision in this case and it was normally, if a case is dismissed for lack of equity jurisdiction, the power of the court is constrained and you cannot award restitution because Sonar had an adequate remedy at law. Normally there would be a dismissal without prejudice to cure the defect, to cure the jurisdictional defect. There's many cases on that. In this case, however, the court held Sonar could not cure the defect because she could not go back and re-allege damages. So our path was cut off in federal courts. But because it was a dismissal for lack of equity jurisdiction, lack of equitable power, we still have the path to go forward in state courts. So tell me your best cases post-merger that would support what you're saying, that equitable jurisdiction is basically akin to subject matter jurisdiction, that we don't have power. What's your best case? I have a number of cases. The most recent one, it is a district court case, but in Guthrie v. Transamerica, Judge Orrick in the Northern District of California interpreted Sonar in a very closely analogous situation where plaintiff alleged violation of the UCL, seeking only restitution and could not allege an inadequate remedy bar. In that case, they filed in state court. They were removed to federal court. And then the question was, did Sonar dismiss for lack of equitable jurisdiction or on the merits? Judge Orrick, going through a lot of the cases we cite in our brief, said no, it was a dismissal for lack of jurisdiction. So therefore, it was remanded because otherwise the repercussions would be that the plaintiff could be removed to federal court. Under Sonar, it's a merits dismissal, which means you cannot proceed in state court. But under state law, under the UCL, a plaintiff has the right to pursue restitution regardless of remedy at law. If Sonar is a merits... Your argument in Sonar 1, which we didn't reach, and that was the argument that the district court here rejected and probably 12 other district courts in the circuit have rejected as well. So I don't know unless there's been a Ninth Circuit case that's come out in the interim or the California Supreme Court has said that. I don't think that's been established that the inadequate remedy at law rule doesn't apply in state court anymore. You're correct. You did not rule on that. We believe it has been established in the California Supreme Court case after case. But regardless, if Sonar 1 is a merits decision, it would mean that a federal court could preclude a California citizen's right to proceed under the UCL for restitution. Let me ask you this. I am troubled by the fact that you're minimizing... I signed on to Sonar 1 so I'm not stepping back from that. And we did affirm on the 12B6 which would clearly be on the merits. And I have to look in the mirror over that. And then you're talking a little bit about fairness here. And I'm wondering Sonar decided on the eve of trial to dismiss her claim for legal relief in favor of pursuing only her claim for equitable relief. And Sonar 1 holds that as a result the district court properly dismissed her claim because the court no longer had the ability to consider her claim for equitable relief. Why would it be unfair to hold that as a consequence of that decision Sonar cannot refile the same action in state court? It is... It is... Well, as you noted in the beginning, her cause of action under the UCL and California law has never been resolved on merits. And in our state court action we're simply seeking equitable restitution under California law. We're not seeking damages, which is what this court said would be unfair for us to re-allege. That has preclusive effects and we're not getting around that. But you're... As I recall, you're seeking the same $32 million. Yeah, what is the difference exactly? What... I don't get it. The difference in the 12B6 dismissal and the Sonar 1 dismissal? No, the $32 million in restitution. It's the same thing. It's the same thing but in federal court we cannot pursue it as a restitutionary relief if there's an adequate remedy at law. In California, you can. And the difference is that by pursuing it in California state court there's a swift, quick bench trial where you can get restitution and there is a different standard. But Ms. Hurst, you picked federal court in the first place. We established that. And then on the eve of trial, then you made strategic decisions and it didn't work out in your favor. I mean, how many times do... How many bites out of the apple do you get? I mean, before it's got preclusive effect. We get one more bite. And, Your Honor... If I may, if I may, at a minimum, you leave the situation in a... in the case that the federal court is ruling one thing and the state court is ruling another. You're just making a mockery of the judicial process. No, because... Well, the federal court never ruled whether we had a viable claim under the UCL. Well, but we did dismiss under 12B6. I'm just curious. Well... Did you bring any petitions for rehearing or any other attack to the nature of our ruling other than this collateral attack that we have before us today? We did seek rehearing, but I would like to please correct, Your Honor, when a federal court affirms on alternate grounds. Right. Grounds not considered by the district court. It is the court of appeal decision that has preclusive effect, not the district court decision. That's not disputed. I don't hear Mr. Siegel disputing that. And we, what we did, the federal court, the appellate decision was an affirmance of the dismissal under Rule 12B6. So we essentially dismissed your claim under Rule 12B6. So why is it different? I know you made much of this before the district court, but not on appeal. I thought the parties were in agreement that it was our decision that determined whether it was a judgment on the merits. And it's the same. It's the same as the district court opinion. We affirm. It is different because you have to look at what the court actually did, not the label. What the district court did was that we cannot state a cause of action under California law. On appeal, SONAR 1 said, we're not going to decide that issue. Looks like you probably can. We're not going to decide it. We're not going to decide that. We're going to decide whether sitting in diversity, a federal court... You failed to state a claim of applying principles of federal common law. That's what happened in SONAR 1. We applied ERIE and York v. Guaranteed Trust. I believe you did not do a merits decision. You did a decision that you don't have the authority to decide that. If it was a merits decision... But we never said that. The problem is we never said that. You quoted the Payne case. You quoted the Grupo case, which is a U.S. Supreme Court case. Substantive principles of courts of chancery remain unaffected by fusion of law and equity. Morales v. Transworld Airlines, a basic doctrine of equity jurisprudence, is that courts of equity cannot act when a moving party has an adequate remedy at law. That means that there's no remedy, that there's no equitable remedy. We can't give you equitable relief, or we choose not to. But it doesn't mean we don't have subject matter jurisdiction and we can't answer a decision on the merits. You absolutely have subject matter jurisdiction, but you're not answering a question on the merits. You're determining that this court, as opposed to a California state court, which the question is left open, this court cannot grant the relief that is arguably entitled to California citizens under California law. If this was a merits decision, Californians could not bring, in many situations, a claim for restitution under the California  And that's why we issued in 2021 by Judge Orrick discussing these issues and the preclusive effects of SONER and why it's important that Californians ... A federal court cannot alter or obviate or deny the rights of a California law created by a California legislature. And that is effectively the result if this court determines that SONER 1 was a merits decision. If California citizens can't bring the case in federal court, because federal courts in diversity have to apply restrictions that will not allow it to provide restitution, the path has to be left open in state courts. Or a federal court has precluded substantive rights created by the California legislature. When you elected to bring this case in federal court, what was your position as to the choice of law application at the federal court level? Was it under Erie or what was your view? Your view was  if you had, you would have contemplated and concluded it would probably be California state law, correct? At that time, we would have. Now, with SONER, we would have filed in California state courts. Now, with the benefit of hindsight, you change your mind and you put the courts in the double bind of deciding the case in the jurisdiction in which you brought it and now say, oh, well, I don't like what the federal court did so I want to go to state court. Isn't that the position we're in? Your Honor, I would be more sympathetic to us. We did not know until we were years into the case. Both parties were litigating the case as if SONER could allege and bring both legal claims and equitable claims and seek equitable relief at the same time. It was only years into litigation that this came up. The district court did not decide it on this basis. It was the SONER one decision that changed the claims. We weren't trying to manipulate. It was your decision because when you prevailed on summary judgment, you had the class certified, you were very short time before trial after litigating for years. This was filed in 2013 so we're talking about almost a decade of litigation now. When you said we are going to move to dismiss your case then and the district court warned you in the strongest terms possible about what could happen and how the court would not be hearing any more claims for damages. You were not going to be able to amend your complaint yet again. SONER was fully unnoticed. Is there any way we can interpret that other than SONER knew what risk she was taking and that the district court did not abuse its discretion? We believe and actually both parties litigated and the court decided the issue as if California law would apply. Not as if federal law would apply. Premier said that you were going to argue that under California law you need to allege an inadequate remedy at law. So you were warned. You knew that and the district court decided it and Premier cited another dozen cases in their brief where federal courts have said that about California law. No, Your Honor, the district court decided it based on California law not federal law. Exactly. If I said federal I meant California but that's the basis on which the district court decided and warned you before you amended your complaint. Until SONAR 1 came out we firmly believed California law applied and California law with an inadequate remedy at law was not required. It was not manipulation. It was not bad faith. That is what we believed and legitimately did believe. Certainly the district court agreed with us California law applied. But interpreted California law differently so you may have believed that in good faith but you lost and you took the gamble, you took the risk, right? Yes, and Your Honor, I'd like to point you to federal practice and procedure section 4436. Jurisdictional doctrine is occasionally so entangled it may seem but it's not because of manipulation of the system, not because of bad faith. We were proved wrong in the first choice of the forum being federal court. We would have to do it over. We've gone almost five and a half minutes over. I want to focus on, do either of my colleagues have any additional questions? I have one comment. Go ahead. I don't want to bring bad faith to the decision here. I'm just saying that's a potential consequence. If I may make a conclusion. I did not mean that to be a question for additional time. I think we've gone well over. All right. Then we'll go back to the rebuttal for Mr. Siegel. Thank you. I'd just like to start on that last point that counsel made. Ms. Sonner wasn't proved wrong in her first choice of forum. She could have pursued a trial for the full $32 million. The federal court is open to that sort of claim. Because of the federal common law requirements that govern equitable relief in the federal court, she had to pursue that as a damages claim, not as a restitution claim. There's no question here of California plaintiffs being deprived of their substantive rights. The California plaintiffs aren't going to be able to manipulate the federal court to ensure a bench trial. If they have a legal damages remedy, they can pursue that in the federal court. I think that's the key distinction here between the various cases the  has cited. When the equitable principles of jurisdiction were, in fact, jurisdictional, that was a very long time ago, the English courts of chancery, if those requirements weren't met, they had to dismiss it with prejudice so you could bring your remedy. Ms. Soner could and did pursue both her claims in a federal court because the federal court's jurisdiction is determined not by the principles of equity but by the principles set out in the diversity statute, the federal question statute, and CAFA. That's what determines the court's subject matter jurisdiction. And as Judge Beatty pointed out in her opinion and today in her questioning, the federal common law governs the substantive requirements for how you pursue a remedy in the federal court. Ms. Soner couldn't satisfy those requirements and because of that, her claim failed. The district court would have dismissed her claim in state court if the dismissal was jurisdictional. But it wasn't. It was a straightforward merits affirmance. This is just a classic case. She should not have yet another chance to pursue these questions. The court has no further questions. You've raised one in my mind. You're alleging a merits dismissal when we actually never heard or had before us in the record below any facts on which we could make a merits determination. So merits in this context essentially refers to any involuntary dismissal that's not for jurisdictional grounds. Right. I understand. So this court doesn't need to resolve the substance of her claims as to whether my client's product is in fact there's false advertising. It still merits determination that she failed to prove competitive to the remedies she sought. Any additional questions by the panel? All right. That would conclude our argument. This matter will stand submitted as of this date. The judges will be transferred into the rubbing room and thank you both for your argument here today. We appreciate it. We will be in touch. This court for this session stands adjourned. Recording  of the   concluded. Thank you.
judges: Lucero, CALLAHAN, BADE